IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KEVIN R. WALLS,

        Petitioner,

    v.

GARRETT LANEY,

        Respondent.

Case No. 6:20-cv-00020-HZ

OPINION AND ORDER

Stephen R. Sady
Chief Deputy Federal Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

Ellen F. Rosenblum, Attorney General
Samuel A. Kubernick, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

    Attorneys for Respondent

1 – OPINION AND ORDER

HERNANDEZ, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his Multnomah County convictions dated December 23, 2005. For the reasons that follow, the Petition for Writ of Habeas Corpus (#2) is denied.

## BACKGROUND

On April 29, 2002, Petitioner sexually assaulted CK, a 14-year-old female. On December 16, 2002, he sexually assaulted Dale Plancarte. On March 10, 2005, he sexually assaulted Charisa White. Petitioner employed a common practice in the commission of his crimes, picking the women up in his car by either deception or force before taking them to a secluded location to assault them. Police were able to utilize DNA evidence from the crime involving White to link Petitioner to the attack on Plancarte. During the investigation, they also uncovered evidence of Petitioner's assault on CW.

As a result of the foregoing, the Multnomah Grand Jury produced two indictments charging Petitioner with a variety of sex offenses pertaining to the three victims. The trial court joined all charges against Petitioner for trial, twice denying his motions to sever. Trial Transcript, pp. 59-62, 824-827. When denying the initial motion to sever, the trial court provided the following rationale:

> All right. The Court finds that the offenses are of the same or similar nature, as alleged, and that the jury will be capable of distinguishing the evidence in one case from the evidence in another case, and I don't find merely by the difference in ages

2 - OPINION AND ORDER

> that that rises to the level of substantial prejudice.
>
> You know, this isn't alleged to be in one case a non-forcible statutory sexual offense against a child, and in the other cases forcible sexual assault. All cases involve forcible sexual assault, and I don't find that the mere age of the alleged victim in one case, where that is the State's theory of the offense, that all the cases were forcible, the mere fact that one is younger and a juvenile, in the Court's view does not add substantial prejudice and does not therefore afford a basis for severance, and so I'll deny that motion.

*Id* at 62.

A non-unanimous jury convicted Petitioner of: (1) one count of Rape in the First Degree and two counts of Sodomy in the First Degree as to White; (2) one count each of Sodomy in the First Degree and Sexual Abuse in the First Degree as to CK; and (3) one count each of Kidnapping in the First Degree, Sexual Abuse in the First Degree, and Attempted Rape in the First Degree as to Plancarte. With respect to White, the jury acquitted Petitioner of one count of Rape in the First Degree, one count of Sodomy in the First Degree, and one count of Kidnapping in the First Degree. It also acquitted him of one count of Attempted Rape in the First Degree as to CK. *Id* at 1346. The trial court proceeded to sentence Petitioner to 290 months in prison.

Petitioner took a direct appeal where, relevant to this case, he alleged that the trial court erred when it denied his motions to sever. The Oregon Court of Appeals affirmed the trial

3 – OPINION AND ORDER

court's decision without issuing a written opinion, and the Oregon Supreme Court denied review. *State v. Walls,* 226 Or. App. 85, 202 P.3d 290, *rev. denied,* 347 Or. 290, 219 P.3d 592 (2009).

Petitioner next filed for post-conviction relief ("PCR") in Malheur County raising claims of ineffective assistance of counsel and prosecutorial misconduct. The PCR court denied relief on all of these claims. Respondent's Exhibit 142. The Oregon Court of Appeals issued a written opinion in which it reversed and remanded the case because the PCR court's judgment failed to adhere to statutory requirements. *Walls v. Nooth,* 282 Or. 205, 385 P.3d 1244 (2016). It otherwise affirmed the PCR court's decision, and the Oregon Supreme Court denied review. 361 Or. 240, 392 P.3d 328 (2017).

On remand, the PCR court entered an amended judgment that conformed to Oregon's statutory requirements. Respondent's Exhibit 151. Petitioner once again appealed, and the Oregon Court of Appeals' Appellate Commissioner summarily affirmed the PCR court's decision. Respondent's Exhibit 155. The Oregon Supreme Court later denied review, thereby ending Petitioner's state-court proceedings. Respondent's Exhibit 157.

On January 6, 2020, Petitioner filed his federal Petition for Writ of Habeas Corpus in which he raises 34 grounds for relief. Upon its review of the record in this case, the Court appointed counsel to represent Petitioner. With the assistance of appointed counsel, Petitioner argues a single claim: the trial court violated Petitioner's right to due process of law when it joined all charges together for trial in a single

4 – OPINION AND ORDER

proceeding. This claim corresponds to Ground One of the *pro se* Petition. Respondent asks the Court to deny relief on the Petition because: (1) Petitioner fails to sustain his burden of proof as to his unargued claims in Grounds Two through Thirty-Four; and (2) the trial court's decision to join the charges against him in a single trial did not amount to an unreasonable application of clearly established federal law.

## DISCUSSION

### I. Standard of Review

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and Petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

5 – OPINION AND ORDER

Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. Twenty-eight U.S.C. § 2254(d) "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents. It goes no farther." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

## II. Unargued Claims

Although Petitioner raises 34 grounds for relief, he elects to present argument only in support of his Ground One claim that the trial court's joinder of charges from all three incidents violated his right to due process. Petitioner does not argue the merits of his remaining claims, nor does he address any of Respondent's arguments as to why relief on these claims should be denied. In this respect, he has not carried his burden of proof with respect to these unargued claims. *See Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (Petitioner bears the burden of proving his claims). Even if Petitioner had briefed the merits of these claims, I do not find from my review of the record that the unargued claims would entitle him to habeas corpus relief.

///

6 – OPINION AND ORDER

### III. Ground One: Propriety of Joinder

Petitioner presents this case as one involving the federal constitutional limits on state-court trials involving the joinder of unrelated violent crimes in a manner that substantially prejudices a criminal defendant. He cites a footnote in *United States v. Lane,* 474 U.S. 438 (1986), for the proposition that misjoinder can arise to the level of a constitutional violation "only if it results in prejudice so great as to deny a defendant of his Fifth Amendment right to a fair trial." 474 U.S. at 446 n.8.

As described in the Standard of Review section of this Opinion, Petitioner may only prevail in this case if he can show that Oregon's state courts rendered a decision that unreasonably applied clearly established federal law. In *Collins v. Runnels,* 603 F.3d 1127 (9th Cir. 2010), the Ninth Circuit had occasion to address whether *Lane* constitutes clearly established federal law on the joinder issue. It concluded that it does not:

> *Lane* dealt with the joinder of standards under Federal Rules of Criminal Procedure 8 and 52; no constitutional issue was before the Court. "[T]he phrase 'clearly established Federal law, as determined by the Supreme Court of the United States' . . . refers to the holdings, *as opposed to the dicta*, of this Court's decisions at the time of the relevant state-court decision." *Williams v. Taylor,* 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (emphasis added). "In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its

7 – OPINION AND ORDER

> decision." *Lockyer v. Andrade,* 538 U.S. 63, 71-72, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). The footnote upon which Collins relies did not set forth the governing legal principle in *Lane.* It was merely a comment.
>
> When the Supreme Court does not purport to interpret any provision of the Constitution, then "[t]hat alone would be enough to defeat a claim that [the] application [of the case] to state-court proceedings is 'clearly established.'" *Early v. Packer,* 537 U.S. 3, 10, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002) (per curiam). Here, *Lane* expressly stated that "[i]mproper joinder does not, in itself, violate the Constitution." 474 U.S. at 446 n. 8, 106 S.Ct. 725. Collins' argument that *Lane* applies to state courts fails for that reason as well.

*Id* at 1132.

Although Petitioner asserts that the Ninth Circuit's reasoning in *Collins* carries no precedential weight, this is not the case. *See Runningeagle v. Ryan,* 686 F.3d 758, 776-77 (9th Cir. 2012) (recognizing that *Collins* "explicitly concluded" there is no clearly established federal law on the issue of severance to support a § 2254 habeas corpus challenge); *see also Collins v. Uribe,* 564 Fed. Appx. 343 (9th Cir. 2014) (citing the 2010 *Collins* decision for the proposition that "[t]he Supreme Court has never held that a trial court's failure to provide separate trials on different charges implicates a defendant's right to due process."). Ninth Circuit decisions that examined the severance issue in the habeas corpus context prior to the 2010 *Collins* decision, and which did not specifically purport to determine whether there was any "clearly established federal law" on the severance issue, do not control the inquiry.

8 – OPINION AND ORDER

Accordingly, where no clearly established federal law governs the resolution of Petitioner's Ground One claim, he cannot prevail in this habeas corpus action.[1]

Even if *Lane* constituted clearly established federal law as Petitioner suggests, he would still be unable to prevail in this case. A key inquiry when assessing whether a trial court should have severed certain charges is whether the jury was able to compartmentalize the evidence. *See Bean v. Calderon,* 163 F.3d 1073, 1084-85 (9th Cir. 1998). A jury's decision not to convict a criminal defendant on all counts presented "is the best evidence of the jury's ability to compartmentalize the evidence." *Park v. California*, 202 F.3d 1146, 1150 (9th Cir. 2000) (quotations omitted); *see also U.S. v. Cuozzo*, 962 F.2d 945, 950 (9th Cir. 1992) ("The fact that the jury rendered selective verdicts is highly indicative of its ability to compartmentalize the evidence.").

In this case, the jury demonstrated an ability to compartmentalize the evidence when it acquitted Petitioner of Rape in the First Degree, Sodomy in the First Degree, and Kidnapping in the First Degree with respect to White, and also acquitted him of Attempted Rape in the First Degree as to CK. Trial Transcript, p. 1346. Consequently, even if *Lane* constituted clearly established federal law, Petitioner would be unable to establish that the state-court decisions on the

---

[1] The Supreme Court also addressed the issue of severance in *Zafiro v. United States,* 506 U.S. 534 (1993), but the Ninth Circuit held in *Collins* that *Zafiro* does not constitute clearly established federal law for purposes of 28 U.S.C. § 2254 actions because "[b]y its own wording, *Zafiro* only applies to federal and not state court trials." 603 F.3d at 1131-32.

severance issue were so unreasonable that no fairminded jurist could agree with them. *See Richter,* 562 U.S. at 102. For all of these reasons, Petitioner is not entitled to habeas corpus relief.

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) is denied. The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

August 22, 2022
DATE

Marco A. Hernandez
United States District Judge